1  WILLIAM MCGRANE [057761]
   MATTHEW SEPUYA [287947]
2  MCGRANE PC
3  Four Embarcadero Center, 14th Floor
   San Francisco, CA 94111
4  Telephone: (415) 292-4807
   william.mcgrane@mcgranepc.com
5  matthew.sepuya@mcgranepc.com
6  Additional firms listed on the following page
7
   Attorneys for Plaintiff Harvey J. Thompson III, an individual person, on behalf of themselves
8  and all other persons similarly situated.

9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| HARVEY J. THOMPSON III, an individual person on behalf of themselves and all other persons and entities similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COFIROUTE USA, LLC, a Delaware Limited Liability Company, ORANGE COUNTY TRANSPORTATION AUTHORITY, a California governmental entity and RIVERSIDE COUNTY TRANSPORTATION COMMISSION, a California governmental entity,<br><br>　　　　　Defendants. | Case No.  8:19-cv-769<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR PENAL FINES FOR VIOLATIONS OF STREETS & HIGHWAYS CODE SECTION 31490** |

1  MICHAEL HASSEN [124823]
   REALLAW PC
2  1981 N. Broadway, Suite 280
3  Walnut Creek, CA 94596
   Telephone: (925)-359-7500
4  mjhassen@reallaw.us

5
   MICHAEL WALSH [155401]
6  The Walsh Firm, PC
   38 Corporate Park
7  Irvine, CA 92606
   Telephone: (949)-724-1350
8  thewalshfirmpc@gmail.com

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Harvey J. Thompson III v. Cofiroute USA, LLC*

Comes now Plaintiff, Harvey J. Thompson III, and alleges as follows:

## Parties

1. Plaintiff Harvey J. Thompson, III (Thompson) is an individual person.

2. Thompson is sometimes hereafter referred to as Motorist.

3. Defendant Cofiroute USA, LLC (CUSA) is a Delaware limited liability company with its principle place of business in Orange County, California.

4. Defendant Orange County Transportation Authority (OCTA) is a California governmental entity with its principle place of business in Orange County, California.

5. Defendant Riverside County Transportation Commission (RCTC) is a California governmental entity with its principle place of business in Riverside County, California.

6. CUSA, OCTA, and RCTC are sometimes hereafter collectively referred to as Defendants.

## Jurisdiction and Venue

7. Class Members (as that term is defined, *infra*) are citizens of many different states of the United States and foreign countries such that minimal diversity exists in this case for purposes of the federal Class Action Fairness Act of 2005 (28 U.S.C. Sections 1332(d) [CAFA]). In addition, this case involves more than five million dollars ($5,000,000) in penal fines and is not subject to the local controversy exception to CAFA due to the fact that a similar class action has been filed within the last three years.

8. Venue is appropriate in this District and Division because Orange County, California is where the relevant claim for relief for penal fines arose.

## Limitation of Actions

9. To the extent this putative class action is brought by the Class (as that term is defined, *infra*) against CUSA, and absent tolling, the applicable statute of limitations is one year. *See* California Code of Civil Procedure section 340(a).

10. California Code of Civil Procedure section 340(a) has been tolled since January 24, 2019, insofar as CUSA is concerned because, as of that date, CUSA first became the subject of a prior and similar class action lawsuit on account of its having issued retraction letters advertising toll-related services (as described, *infra*) during the Class Period (as that term is defined, *infra*) in violation of Streets & Highways Code section 31490(a).

11. To the extent this putative class action is brought by the Class (as that term is defined, *infra*) against OCTA and RCTC, California Government Code section 912.4 provides that a claim made against a California governmental entity is barred after one year from the date of occurrence.

12. On February 6, 2019, Thompson served OCTA with a class action administrative claim consistent with the allegations made in this Complaint for Penal Fines, etc. (Complaint), which claim was denied by OCTA on April 15, 2019. *See* Exhibit 1.

13. On February 5, 2019, Thompson served RCTC with a class action administrative claim consistent with the allegations made in this Complaint, which claim was denied by RCTC on March 20, 2019. *See* Exhibit 2.

**Charging Allegations**

14. All during the Class Period (as that term is defined, *infra*) Defendants have each acted as the agents of the others in doing and failing to do all of the things alleged in this Complaint.

15. The terms "transportation agency," "electronic toll collection system," and "toll highway," as employed throughout this Complaint are all otherwise defined in Streets & Highway Code sections 31490(l)-(m).

16. The terms "pay-by-plate toll payment" and "valid vehicle license plates properly attached to the vehicle" as employed throughout this Complaint are both otherwise defined in Vehicle Code sections 23302(d)-(e).

17. Defendants are all transportation agencies operating an electronic toll collection system with respect to a toll highway (the 91 Express Lanes) that is partially owned by OCTA

and partially owned by RCTC, which 91 Express Lanes CUSA operates for the benefit of OCTA and RCTC pursuant to a written contract to which all Defendants are parties.

18. Thompson and Class Members (as that term is defined, *infra*) were accused by CUSA, acting as the agent for OCTA and RCTC, of violating the Vehicle Code by driving the 91 Express Lanes without a valid FasTrak® account during the Class Period (as that term is defined, *infra*).

19. Thompson and Class Members (as that term is defined, *infra*) protested the accusation.

20. In response to Thompson's and Class Members' (as that term is defined, *infra*) protests, CUSA eventually admitted it had been in error and issued a retraction letter to Thompson and Class Members in the form attached as Exhibit 3 hereto.

21. On its face, Exhibit 3 advertised toll-related services to Thompson and the Class (as that term is defined, *infra*) in violation of Streets & Highways Code section 31490(a) (PII Violations), thus entitling Thompson and the Class (as that term is defined, *infra*) to penal fines of $2,500 each from CUSA pursuant to Streets & Highways Code section 31490(q) (PII Penal Fines).

**Class Allegations**

22. Thompson brings this action on behalf of himself and all other individual persons similarly situated (the Class and the Class Members, respectively).

23. The Class is defined as follows: "All individual persons (i) who were nonsubscribers to the 91 Express Lanes; (ii) who received letters from CUSA which letters admitted CUSA had been in error in accusing them of violating the Vehicle Code by driving the 91 Express Lanes without a valid FasTrak® account during the Class Period (as that term is defined, *infra*) (iii) which letters, like Exhibit 3, advertised toll-related services on their face."

24. Insofar as CUSA is concerned, the Class Period runs from the date CUSA first started advertising toll related services to non-subscribers by sending them retraction letters that admitted CUSA had been in error in accusing them of violating the Vehicle Code by driving the

91 Express Lanes without a valid FasTrak® account which contained advertising of toll-related services on their face (Toll Services Advertising Letters) through the date CUSA either stops the practice of issuing such Toll Services Advertising Letters on OCTA and RCTC's behalf or through the date a class is certified, whichever is earlier.

25. Insofar as OCTA and RCTC are concerned the Class Period runs from February 5, 2017 until such time as CUSA stops the practice of issuing the Toll Services Advertising Letters on OCTA and RCTC's behalf or a class is certified, whichever is earlier.

26. The identities of the Class Members can be readily ascertained from CUSA's business records.

27. Questions of law and fact common to the Class predominate over questions affecting only its separate Class Members, including, *inter alia:*

    a. Whether the Toll Services Advertising Letters all constituted PII Violations by CUSA and thus made CUSA, OCTA and RCTC subject to the PII Penal Fines on a per Toll Service Advertising Letter basis.

    b. Whether, and if so, when, Class Members were themselves ever put on inquiry notice of CUSA's potential liability for the PII Penal Fines prior to the initial filing date for this case, given the fact that the Toll Services Advertising Letters sent to them by CUSA never gave the Class Members any reason to even suspect that their PII was not being protected as is otherwise provided for by Streets & Highway Code § 31490(k) during the Class Period.

28. The claims of Thompson are typical of the claims of the Class.

29. Treating this dispute as a class action is a superior method of adjudication in that Thompson is informed and believes, and on that basis alleges, that there are at least 2,000 Class Members, thus making the joinder of all absent Class Members impractical.

30. Additionally, the amount of each payment would be modest on an individual basis, although significant in the aggregate.

1    31.    It would be impractical for most of the Class Members individually to address CUSA's wrongdoings.

2    32.    There should be no significant difficulties in managing this case as a class action.

3    33.    Thompson can and will fairly and adequately represent the interests of the Class.

4    34.    A class action would serve the best interests of the Class.

5    35.    Thompson has retained competent and experienced counsel, all of whom will vigorously represent the interests of the Class.

## Sole Claim for Relief

(Violation of the Streets & Highway Code by CUSA, OCTA and RCTC)

36.    Thompson realleges ¶¶ 1-35.

37.    CUSA's conduct as described, *supra*, makes CUSA, OCTA and RCTC liable to the Class Members for the PII Penal Fines in a sum of not less than five million dollars ($5,000,000) and according to proof at trial.

WHEREFORE Plaintiff prays judgment as set forth below:

1. That the Class described herein be certified;

2. That Thompson be appointed the class representative and Thompson's counsel be appointed counsel for the Class (Class Counsel);

3. That the Court order that CUSA pay the PII Penal Fines to the Class in a sum of not less than five million dollars ($5,000,000) and according to proof at trial;

4. For an award of attorney's fees and costs to Class Counsel on either or both a common fund or statutory basis;

38.    For such other and further relief as to the Court may seem just.

Dated: April 26, 2019

THE WALSH FIRM, PC
REALLAW PC
MCGRANE PC

By: /s/ William McGrane
        William McGrane
Attorneys for Plaintiff Harvey J. Thompson III an individual person, on behalf of himself and all other persons and entities similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 26, 2019

THE WALSH FIRM, PC
REALLAW PC
MCGRANE PC

By: /s/ William McGrane
     William McGrane
Attorneys for Plaintiff Harvey J. Thompson III an individual person, on behalf of himself and all other persons and entities similarly situated

# EXHIBIT 1



**OCTA**

AFFILIATED AGENCIES

Orange County
Transit District

Local Transportation
Authority

Service Authority for
Freeway Emergencies

Consolidated Transportation
Service Agency

Congestion Management
Agency

April 15, 2019

Harvey Jack Thompson, III
13 Las Moradas Circle
Richmond, CA 94806

Subject:    Date of Loss:      01/04/19
            OCTA File #:       19-01799-1

Dear Mr. Thompson, III:

Notice is hereby given that the Claim which you presented to the Orange County Transportation Authority on February 06, 2019 has been rejected in its entirety.

### Warning

Subject to certain exceptions, you have only six (6) months from the date this letter was personally delivered or deposited in the mail to file a court action in a Municipal or Superior Court of the State of California on this claim: see Government Code Section 945.6. This limitation does not apply to actions filed under the Federal Civil Rights Act.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please be advised that pursuant to Sections 128.5 and 1038 of the California Code of Civil Procedure, the Authority will seek to recover all legal fees and costs of defense in the event an action is filed in this matter and it is determined that the action was not brought in good faith and with reasonable cause.

Sincerely,

Regie Peaslee
Sr. Claims Representative, Risk Management

Cc: McGrane, PC

Orange County Transportation Authority
550 South Main Street / P.O. Box 14184 / Orange / California  92863-1584 / (714) 560-OCTA (6282)

# EXHIBIT 2

**RCTC**
**RIVERSIDE COUNTY TRANSPORTATION COMMISSION**

4080 Lemon Street, 3rd Floor • Riverside, CA
Mailing Address: P.O. Box 12008 • Riverside, CA 92502-2208
951.787.7141 • 951.787.7920 • www.rctc.org

March 20, 2019

Jack Harvey Thompson
13 Las Moradas Circle
Richmond, CA 94806

Dear Mr. Thompson:

Thank you for your recently submitted claim in the matter of the 91 Express Lanes violation.

The Commission is guided by state law and obligated to pay claims where there is liability on its part. We have reviewed all of the information submitted to us relating to your claim, and have endeavored to be absolutely fair in considering your case.

Your claim presented to the Riverside County Transportation Commission was rejected on March 18, 2019.

<u>WARNING</u>

*Subject to certain exceptions, you have only six months from the date this notice was personally delivered or mailed to file a court action on this claim. Please refer to Government Code Section 945.6. You may, of course, seek an attorney's advice on this matter. If you plan to consult an attorney, you should do so immediately.*

If you have questions about the claim or this denial of liability, please contact Lisa Mobley, Clerk of the Board, at (951) 787-7141.

Sincerely,

*Anne Mayer*
Anne Mayer
Executive Director

# EXHIBIT 3

# 91 Express Lanes

www.91expresslanes.com

NTEVD-7906597ID259891855

**Violation Processing Center**
P.O. Box 68039
Anaheim, California 92817

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*MIXED AADC 926  8   000002317
THOMPSON III HARVEY JACK
13 LAS MORADAS CIR
RICHMOND CA 94806-3838

## Results of Administrative Investigation

January 04 2019

| Violation #: | 259891855 |
|---|---|
| Vehicle Information: | 17J2144 CA 2004 HD RS |
| Violation Location: | 91E 55-Co. Line L#1 |
| Entry Date and Time: | 11/26/2018   3:42:32 PM |
| Toll Point Date and Time: | 11/26/2018   3:48:02 PM |
| CA Vehicle Code: | 23302 et seq. & 40250 et seq. |
| Toll: | $0.00 |
| Processing Fee: | $25.00 |
| Total Dismissed: | $25.00 |

We have received your request for an Administrative Investigation of the Notice of Toll Evasion identified above. After careful review of the information you provided and the vehicle and license plate information, we have **dismissed** this Notice of Toll Evasion Violation. No further action is required. We sincerely apologize for any inconvenience to you.

If you do not have a FasTrak® account, we would be happy to establish an account for you. Please visit us online at www.91expresslanes.com or call our Customer Service Center at (800) 600-9191, 8:00am to 5:00pm, Monday to Friday.

91 Express Lanes
Violation Processing




The 91 Express Lanes are owned and operated by the Orange County Transportation Authority and the Riverside County Transportation Commision

13539470        8310330